Our third case for this morning is in the matter of Edward J. Pijian. So, when you're ready, Mr. Schaller. I am, Your Honor. May it please the Court, in opposing counsel, my name is Robert Schaller and I represent the appellant, Edward Pijian, who is the debtor in the underlying Chapter 13 repayment plan. I want to thank the Court for accepting this direct appeal because it's an issue of first impression both in the Seventh Circuit as well as any circuit in the United States. I start with the debtor's duties in a Chapter 13 case. There's really three as it relates to a secured creditor, the appellee. The first is that they have to craft a plan that allows for a lien to survive the case. At the end of the bankruptcy case, the mortgage lender would still have that lien and the debtor's done that. The second one is that the debtor has to provide adequate protection to the creditor during the case. So, despite how the Court would rule on this matter, the debtor would still have to pay monthly payments to the secured creditor during the five-year repayment plan. The third and final requirement is that the debtor has to cure any pre-petition mortgage default to the extent that it is an allowed claim, and that is the issue today. Is that pre-petition default, which is approximately $120,000, is that an allowed claim? So the big question for you, and this may be of limited temporal interest if the proposed rules wind up being approved and take effect, is why does Rule 3002A talk about unsecured creditors or equity security holders? If it really meant everybody, which is what you think it means, why not just say that? Anyone must file a proof of claim or interest. Your Honor, I do not believe that the 3002A would apply to all creditors. I think the Supreme Court intentionally limited it to just unsecured creditors, and the reason it did that is because it knew that secured creditors must file a proof of claim or their claim would be forever wiped out in the 1328 discharge. Secondly, the Supreme Court also knew that the lien would survive the bankruptcy and therefore did not need to provide for the secured creditor in Rule 3002A. But your reading of the rule as a whole, when you drop down to C, is one that does require some expansion of the scope of the rule as compared to Part A. Yes. So you actually think there is a necessity for a timely filing, even by a secured creditor, if it wants to be part of the plan? Absolutely, Your Honor. And that's, I mean, it may be a very good rule. It's the direction that the advisory committee wants to go in, but if it's not the rule right now, then how can we make it be the rule? I believe it is the rule right now. In Rule 3002C, the Supreme Court chose the word claim. It did not choose the word unsecured claim or priority claim or any subset of claim. It used the word claim, and that was intentional, Your Honor. It was intentional because the word claim is actually defined, and it is defined in the Bankruptcy Code, Section 101, Subsection 5. And that definition includes a right to payment, both secured and unsecured. That definition that was imposed by Congress was adopted by the Supreme Court in Rule 9001. So when we're now in Rule 3002 and the Supreme Court used the word claim, it meant the expanse of all claims as defined in Rule 9001, Incorporating 101.5. So, therefore, the bright-line test that 3002C, saying that you must file to have a timely claim within the 90 days, is actually applying to claims as defined by both the Code as adopted by 9001, where Rule 3002A only said unsecured claims. So when the Supreme Court wanted to make a distinction between claims and a subset of claims, it knew how to do that. And I would point to the Court for Bankruptcy Rule 3021, I'm sorry, 3012, when the Supreme Court did make a distinction between secured and unsecured. Likewise, Congress also made those distinctions when it wanted to have a subset of the word claim as defined in Rule 1001. And I would point to the Bankruptcy Code 506 when it talked about secured creditors, 507 priority creditors, and 1325 when it talked about unsecured creditors. So both Congress and the Supreme Court knew the difference between the broad-term claim as defined or a subset. And I think they intentionally chose one or the other when they wanted to apply to one or the other. So 3002C's word claim means all claims. If I could continue? Yeah, please. Thank you. The Bankruptcy Court was correct when it noted that the secured creditor need not file a claim. Following the Duesnip opinion by the Supreme Court, the creditor could have just sat there and done nothing, and because he's a secured creditor, the lien had to survive and they could wait to the end of the case and then seek their money. So in that instance, if that's what a secured creditor decides to do for some instance, I take it that during the life of the plan, at least it's not part of the plan to allocate some portion of the monies and send them to the secured creditor. Does the debtor have to keep paying the creditor outside the plan if the secured creditor doesn't file? The debtor would have two financial obligations to the creditor, to the secured creditor. The first would be he has to provide adequate protection subject to 362 of the code. That means the monthly payments that can be... External to the plan. Excuse me? So you have the plan. I'm trying to envision what happens in your world where the secured creditor doesn't file anything prior to the confirmation of the plan or prior to the date. I don't really care what the date is. But somehow the secured creditor is not something, is not taken care of in the plan. So money comes in, the trustee sends the money out to the various creditors who are, who have filed proofs of claim for the plan. But you're saying that there's an independent responsibility alongside the plan for the debtor to somehow keep the secured creditor happy. That's correct. They're two independent responsibilities of the debtor. And so the advantage for the secured creditor filing would simply to be in the pool. Yes. That's correct. And they would receive the full $120,000 of the pre-petition mortgage default, plus they would receive the adequate protection payments of their monthly payments during the five years. Presumably the secured creditor wants to be in the pool to the extent any of the debt is unsecured. If you have an undersecured creditor, how else are they going to collect the unsecured portion? In this particular case. I didn't ask about this particular case. The rule has two separate ways to resolve that, Your Honor. I'm sorry, the code has two separate ways. There is in Section 1322 something that would be called a cure and maintain plan, which is the case today. There's also in 1325 where you have to pay off the entire debt. In the cure and maintain plan, of which we have in 1322, any unsecured debt that may exist is just not part of the bankruptcy case. The debtor's responsibility is to cure the part that they're behind and make monthly payments. Since the lien survives. I wasn't trying to figure out what choices debtors make. I was trying to figure out what choices undersecured creditors make. Chief Judge Wood had asked why a secured creditor would file a claim. You were explaining some reason. It seemed to me another reason why a secured creditor would file a claim is that it's undersecured. That's a choice independent of what the debtor is doing. In a cure and maintain plan under Section 1322, there is no provision for an undersecured creditor because the lien survives and any undersecured amount  and would survive with the remainder of the mortgage, which would be different than a mortgage that's paid in full. But this case involves two entirely different properties, one secured and the other fully unsecured. Fully unsecured. The fully unsecured debt is actually a separate property that was foreclosed upon. It was an unsecured debt, and the bankruptcy judge said it was too late. The Brightline test in 3002C. So it's out. We're not worrying about that. So the undersecured portion, which I believe the court was asking about, again, is not part of the bankruptcy in a cure and maintain plan under 1322. Okay. Well, if you'd like to save a little rebuttal time? I would, Your Honor. Okay. This would be a good time to do it.  Mr. Kalina. Good morning. Good morning. Good morning. My name is Mark Kalina, and I represent Lyles Savings Bank, the appellee. First, a housekeeping matter that I owe to opposing counsel. As he correctly pointed out in his reply brief, I included some references to previously filed Chapter 13 plans that are not part of the record on appeal, and I would offer a stipulation at this time that those paragraphs be stricken from the appellee's brief. That would include the last paragraph of page 13 and the first full paragraph of page 14, with my apologies to all. All right. Thank you. First of all, the interplay between Rules 1302A and 1302C needs to be looked at. And I have been looking at that, Mr. Kalina, and so it seems to me Rule 3002 is about the topic of filing proofs of claim. So I can easily enough understand why A might say, who really has to do this? Unsecured creditors, equity security holders. They're the people who, if they're not in the bankruptcy, the claims are discharged at the end. So they're necessary. But then when you get to C, you're talking about a different question, a when question. And it seems to me entirely logical to think that on the when question, if you want to be in the plan, you need to follow the deadlines that the court establishes. And I find a great deal of discomfort with the idea that people can throw in these claims at the last second. It seems to me very adverse to the bankruptcy judge's ability to manage the case, to have deadlines apply to some people and not apply to other people. Well, I would respond by saying that 3002A says that unsecured creditors and equity holders must file proofs of claim in order for their claims to be allowed. I understand that. I totally understand that. But I don't see in that sentence the further proposition, and these are the only people who must file proofs of claim, or it just doesn't address the subject of secured creditors. Now, of course, if the amendments are accepted and some of the commentary on the amendments suggests their clarification, other commentary suggests maybe it goes beyond that, it's the problem with commentary, the amendments would make the point that you're making. Everybody has to file, but it makes clear that the lien isn't void if you don't file, if you're secured. Right. So what's wrong with the reading that I'm suggesting? A tells you who has to file in order for the claim to be allowed and not lose it, and C tells you when. Well, a deadline shouldn't apply to an act that's not required to be performed. That's why I would respond. No, but it's if you want to be in the plan, here's the timetable you have to follow. We don't care. If you don't want to be in the plan, be our guest. Don't be in the plan. But if you do want to be in the plan, you need to follow the court's deadlines. Right. That's how I'm imagining it. So I need to know why that's wrong. Well, nowhere in Rule 3002 is there any reference to secured creditors anywhere. I know that. But it uses the word claim. Yes. Claim is a defined term, defined by 1001, 5A, to include every conceivable kind of claim. The language is a right to payment, whether or not, et cetera, whether or not it's unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. That's just the definition of claim. It includes secured creditors' interests. Right. What's missing? Well, I think what's missing is that a secured creditor doesn't need to file a claim at all. That's right. To have the claim allowed. A secured creditor doesn't need to file a claim. You can ignore the bankruptcy. But 3002C says if you file a claim, here's the deadline. And we know from 1001, 5A that claim includes a secured creditor's interests. Anything missing from this picture? Well, I don't think a secured creditor's decision not to file a claim means that he's avoiding the bankruptcy.  Right. What happened in this case is the secured creditor did file a claim. And the question is whether it is timely. Right. And it seems like filing, if that's the result, filing an untimely claim is worse than not filing a claim at all. Filing an untimely claim. Just means you haven't filed. Right. An untimely claim. Right. If you file an untimely claim, then you're ignoring the bankruptcy. You pass through bankruptcy with your interests unaffected. Just as if the secured creditor had never filed a claim at all. But A suggests that a secured creditor may have his claim allowed even if he doesn't file. But what does – it doesn't suggest that, actually. It's talking about if an unsecured creditor, somebody whose claim is going to be discharged potentially in the bankruptcy, if they want their shot at part of the bankruptcy estate, they've got to step forward and file a proof of claim. And that's what A says. It doesn't say – All it says is two people must file claims or they're doomed. Doomed. Right. It doesn't say anything about anybody else. That's correct. So, again, the question – and I'm really having trouble still with the idea that if we're into the filing of claims voluntarily or by necessity or in any other way, if there is another way, why the bankruptcy court deadline for filing claims doesn't have to be observed by everyone. It's disruptive to the bankruptcy process if you think you've got the plan all set up and then all of a sudden somebody pops in the day before confirmation with something else. I mean, bankruptcy judges are busy enough as it is. It seems to me that's not good. Plus, the bankruptcy court's – the practice in this circuit is to require secured creditors to file a proof of claim in order to participate in a plan. I mean, it makes sense. I don't know that that's the practice. That hasn't been my experience. Oftentimes, secured creditors are provided for in plans. They're listed in schedules. They're tacitly acknowledged to exist. And claims are not filed and they're provided for in plans. Yeah, but when they – but the practice, as I understood it, was if they were going to file a claim, they complied with the time limit. If they weren't going to file, obviously it could be outside the time limit if they're not going to file a claim. Right, and so I suppose it would be prudent for a secured creditor not to file a claim if it's going to be late. Correct. And he would be better off not filing a claim. Then you just reserve all the rights the code gives you. That's correct. Right? I mean, you're okay. So I would just add that it's common practice in the bankruptcy courts for claims to be filed and allowed after confirmation. But the bankruptcy court has a lot of discretion over that part of the process. Once there's a plan, the court can control whether it sees good enough cause to do something like that. Well, it doesn't require a cause. If you look at number one in the record on appeal, that is the notice that was sent out to creditors in this case, and that sets forth the various deadlines. And the deadline for filing claims is more than two months after the date scheduled for plan confirmation. Which is fine. The judge set it for them. I mean, the statute also has something to say about that. Right. So my point is that filing a claim any time before a confirmation doesn't prejudice anybody. Because creditors don't start getting payments out of the plan until a plan is confirmed. Sounds like you just don't like deadlines. You think unsecured creditors should be able to file the day before the hearing. Well, the unsecured creditors are clearly covered by Rule 3002. But what's the point, judges? What's the point, in your view? You think the whole deadline is pointless, and so you should ignore it, and everybody else can ignore it, too. No, I'm just observing that secured creditors aren't mentioned anywhere in 3002. But the idea that I have in my mind is, you know, for the bankruptcy court, obviously with the assistance of, you know, the trustees and the others, to come up with a plan that's going to work for this debtor, it's my assumption more information is better than less. You know, and that's why there are deadlines for submitting proofs of claim, so that they can see what's at stake here for this estate. What are the assets? Who's trying to get some of it? That's really all that's going on. And keeping some of what might be at stake out seems to me, generally speaking, a bad idea. I can't disagree with the answer. Okay. Fine. So do you have anything else for us? I don't judge, and I thank you all for listening to me this morning. All right. Very good. Anything further, Mr. Schaller? Yes, Your Honor. Very simply, I would respectfully request that the bankruptcy court's order be reversed and that the claim of the secured creditor be disallowed and that the matter be sent back to the bankruptcy court so that it can continue towards confirmation. Thank you. Thank you very much. Thanks to both counsel. We'll take the case under advisement. Thank you. Thank you.